UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 13-40058-01-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING MOTION |
| | ) | TO SUPPRESS |
| BRANDON GUSTAV McGUIRE, | ) | |
| | ) | |
| Defendant. | ) | |

**NATURE AND PROCEDURE OF THE CASE**

Defendant, Brandon Gustav McGuire, is charged with possession of firearms by a prohibited person in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). McGuire moves to suppress all evidence obtained by authorities during two separate seizures of his trash, which occurred on October 16 and October 23, 2012, and during the search of his home on or about October 30, 2012. The motion was referred to United States Magistrate Judge John Simko for a report and recommendation.

On September 12, 2013, an evidentiary hearing was held before Magistrate Judge Simko. Four witnesses testified during the hearing: ATF Special Agent Emmet Warkenthien, Sioux Falls Police Detective Terry Matia, Sioux Falls Police Officer John Duprey, and Michael Parham. Nineteen exhibits were received into evidence. Based upon the testimony and exhibits received at the hearing, Magistrate Judge Simko issued a report and recommendation

recommending denial of the motion to suppress because (1) there was probable cause to issue a search warrant even after the evidence obtained from the trash pulls was excluded from the supporting affidavit; (2) McGuire did not have a reasonable expectation of privacy in his trash; (3) the trash cans were not within the curtilage of McGuire's home; and (4) the *Leon* good faith exception applies. McGuire objects to the report and recommendation. For the following reasons, the court adopts the report and recommendation of the magistrate judge as supplemented by this opinion and denies McGuire's motion to suppress.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), the court should make a de novo review "of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." *See also Thomas v. Arn*, 474 U.S. 140 (1985). The court has conducted a de novo review.

## FACTS

The pertinent facts are as follows:

On October 7, 2012, an anonymous caller contacted Crime Stoppers and stated McGuire was selling methamphetamine out of his residence, which is one side of a duplex. The caller further stated that drugs are usually kept on top of the refrigerator. Upon receiving this information, Detective Matia

2

checked the Sioux Falls police department records and confirmed McGuire lived at the residence indicated by the caller.

On October 8, 2012, Detective Matia was contacted by McGuire's landlord, Michael Parham.[1] Parham indicated that he was the landlord of the duplex where McGuire resides and that he had concerns voiced to him by people living in the neighborhood that McGuire was selling narcotics out of the residence. Parham also stated that while he was conducting maintenance in the residence he had seen marijuana on top of McGuire's refrigerator. During this conversation, Parham told Detective Matia that he paid for the trash service at the house, which day the trash service picked up the trash, and that he would permit the police to perform trash pulls.

On October 16 and 23, 2012, police officers performed two separate warrantless trash pulls at the duplex. Although the duplex is normally occupied by two separate tenants who share access to the trash cans, one part of the duplex was temporarily vacant at the time of the trash pulls.[2] The trash cans were located next to the attached garage, roughly twenty feet from any public sidewalk, street, or alley. In conducting the trash pulls, the officers

---

[1] Parham owns the duplex.

[2] There was also a work shed on the property that Parham utilized.

walked across the neighbor's property[3] and reached onto Parham's property in order to collect the garbage bags out of the trash cans. The officers found documents belonging to McGuire and various drug paraphernalia items in the trash.

On October 30, 2012, Detective Matia prepared an affidavit for a search warrant. The affidavit included the information obtained from the anonymous callers[4] and Parham[5] and identified the evidence obtained during the two trash pulls. A state judge found probable cause existed and granted the warrant. The warrant was executed that same day; drugs, drug paraphernalia, and firearms were found in the residence.

In May of 2013, McGuire was indicted on federal firearms charges.

---

[3] The officers did not receive permission to walk on the neighbor's property.

[4] The affidavit stated, "On October 7, 2012 an anonymous caller contacted Crime Stoppers with information on Brandon McGuire. The caller stated that McGuire is selling methamphetamine at 100 N. Van Eps Ave. Sioux Falls, Minnehaha County, South Dakota. The caller advised the activity occurs at 12:30 A.M. and that drugs are usually kept on top of the refrigerator." Docket 25-2 at 2.

[5] The affidavit stated, "On October 8, 2012 I was contacted by the landlord of 100 N. Van Eps Ave., Michael Parham. Parham told me that he has received numerous complaints from residents in that area pertaining to McGuire, particularly that McGuire is selling narcotics from the residence. Parham stated the residence . . . is a duplex and stated McGuire leases and resides in apartment #1. Parham told me that while conducting maintenance in apartment #1 during the month of September 2012 he observed a plastic bag on top of the refrigerator and that the plastic bag contained marijuana." Docket 25-2 at 2.

**DISCUSSION**

McGuire argues that all evidence obtained as a result of the two trash pulls and the subsequent search of his residence should be suppressed because the two trash pulls were illegal searches and seizures. And because the two trash pulls were illegal searches and seizures, McGuire claims the probable cause determination by the state judge was based on an affidavit that omitted essential facts. Had the additional facts been included, McGuire submits probable cause for the search of his residence did not exist. Therefore, McGuire urges the court to suppress all evidence obtained as a result of the two trash pulls and the subsequent search of his residence.

The first issue the court analyzes is whether the trash pulls performed by the Sioux Falls police were reasonable searches and seizures under the Fourth Amendment. The parties appear to agree that a search occurred here, but they dispute the reasonableness of the search. The government claims the search was reasonable under the Fourth Amendment based on two separate grounds: (1) Parham had apparent authority to give law enforcement consent to do the search, and he gave such consent; and (2) McGuire had no reasonable expectation of privacy because the trash cans were readily accessible to the public.

Although not examined in the report and recommendation, the court starts its analysis with the issues of consent and common authority. The

Fourth Amendment allows a warrantless search of property when officers obtain voluntary consent of an occupant who shares authority over the area in common. *United States v. Nichols*, 574 F.3d 633, 636 (8th Cir. 2009). Whether the parties share common authority is determined by the existence of mutual use, joint access, and control. *Id.* This principle rests on "mutual use of the property by persons generally having joint access or control for most purposes, so that it is reasonable to recognize that any of the co-inhabitants has the right to permit the inspection in his own right and that the others have assumed the risk that one of their number might permit the common area to be searched." *United States v. Clutter*, 674 F.3d 980, 983 (8th Cir. 2012) (citing *United States v. Matlock*, 415 U.S. 164, 172 n.7 (1974)).

During the hearing before Magistrate Judge Simko, Parham testified that the trash cans were located on a piece of the property that was considered a common area of the duplex property. Parham owned the duplex and used the trash cans himself when he was utilizing the work shed in the backyard. McGuire had seen Parham deposit "stuff in the trash before." Docket 37 at 58. McGuire was aware that Parham paid for the garbage removal as set out in the lease agreement.

Moreover, a resident living in the other half of the duplex shared access to the trash cans with McGuire. At the time Parham gave consent for the search, the other half of the duplex was vacant. Because the other half of the

duplex was vacant, McGuire suggests he had exclusive access to the trash cans. The court disagrees. Because Parham was the owner of the duplex and had not transferred any of his property interests in the other half of the duplex to a tenant at the time he gave consent for the search, Parham possessed the shared access rights to the trash cans that any tenant living in the duplex would hold.[6] Under the facts here, Parham and McGuire had common authority over the trash cans because of their mutual use, joint access, and control. Therefore, Parham had common authority to consent to the two trash pulls from trash cans located in the common area.

Even if Parham lacked common authority to consent, his consent was still effective because of apparent authority. "A search is justified without a warrant where officers reasonably rely on the consent of a third party who demonstrates apparent authority to authorize the search, even if the third party lacks common authority." *Nichols*, 574 F.3d at 636. "Apparent authority is present when the facts available to the officer at the moment warrant a man of reasonable caution in the belief that the consenting party had authority over the premises." *Id.* at 636 (internal quotations omitted). Here, Detective Matia testified that Parham told him he could go on the property (that Parham owned) and get the trash. Parham also told Detective Matia that he paid for the

---

[6] While property rights do not control Fourth Amendment issues, at times they can provide guidance when analyzing such issues.

trash service. It was reasonable for Detective Matia to believe that Parham had authority to consent to the trash pulls because Parham was the owner of the entire property and paid for the trash service. Indeed, during cross examination regarding Parham's consent, Detective Matia testified that he did not know what the rights were of the landlord because he had not reviewed the lease, and he "was just going on [Parham's] word of what [he] could do, and it was okay with Parham." Docket 37 at 29. The officers were justified in believing Parham had authority to consent to the trash pulls.

Because Parham had common authority, and at the very least apparent authority, to consent to the trash pulls, the trash pulls constituted a reasonable search and seizure under the Fourth Amendment, and the court's inquiry could end here. Nonetheless, the court also agrees with Magistrate Judge Simko's determination that McGuire had no reasonable expectation of privacy in the trash for the same reasons set out in the report and recommendation. Docket 35 at 9-16. This is an additional basis as to why the trash pulls were constitutional searches under the Fourth Amendment. *See United States v. Williams*, 669 F.3d 903, 905 (8th Cir. 2012) ("The constitutionality of a trash pull depends upon 'whether the garbage was readily accessible to the public so as to render any expectation of privacy objectively unreasonable.' ") (quoting *United States v. Comeaux*, 955 F.2d 586, 589 (8th Cir. 1992)).

**CONCLUSION**

The two trash pulls involved in this case were reasonable searches and seizures and did not violate the Fourth Amendment for three independent reasons: (1) Parham had common authority to consent to the trash pulls; (2) the officers were reasonable in relying on Parham's consent; and (3) McGuire did not have a reasonable expectation of privacy in the trash cans. Therefore, the evidence gathered from the search of McGuire's residence will not be suppressed. Accordingly, it is

ORDERED that the report and recommendation of the magistrate judge (Docket 35) is adopted as supplemented by this opinion, and defendant's motion to suppress (Docket 24) is denied.

Dated December 10, 2013.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE